## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANA LOPEZ, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>STATEBRIDGE COMPANY, LLC, )<br><br>Defendant. ) | Case No. |

ANA LOPEZ, individually and on behalf
of all others similarly situated, )
)
)
)
Plaintiff, )
)
v. )            Case No.
)
STATEBRIDGE COMPANY, LLC, )
)
)
Defendant. )

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that Defendant, Statebridge Company, LLC ("Statebridge"), pursuant to 28 U.S.C. § 1331 and with full reservation of all defenses, removes the state court action entitled *Ana Lopez, et al. v. Statebridge Company, LLC*, No. 2023 CH 04254, filed in the Circuit Court of Cook County, Illinois (the "State Court Action") to the United States District Court for the Northern District of Illinois. Removal is based on "federal question" jurisdiction because the sole claim alleged in the Class Action Complaint alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "Act"), a federal statute. In support of removal, Statebridge provides the following "short and plain statement of the grounds for removal." 28 U.S.C. §1446(a); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

## INTRODUCTION

The State Court Action is a putative class action commenced on April 28, 2023, arising out of the servicing of Plaintiff's home mortgage. Plaintiff asserts a single claim on behalf of herself

and a class of Illinois consumers for purported violations of the Act by contacting Plaintiff and the purported class members despite knowing that the consumers are represented by counsel. A true and correct copy of the complaint is attached to this notice as **Exhibit 1**. Plaintiffs filed a motion for class certification on April 28, 2023, a copy of which is attached as **Exhibit 2**. Statebridge was served with the Complaint on May 12, 2023, and a copy of the proof of service filed in the Circuit Court of Cook County is attached as **Exhibit 3**. Statebridge has not filed an appearance, answer, or other response to the complaint or motion for class certification in the State Court Action.

### GROUNDS FOR REMOVAL

**I.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.**

This Court has original jurisdiction over this action because, as discussed above, the claim arises under a federal law, the Act. The "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Venue is proper because, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Northern District of Illinois, Eastern Division, embraces the Circuit Court of Cook County, Illinois, where the State Court Action was filed.

**II.    Statebridge has satisfied the procedural requirements for removal.**

Statebridge files this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446. This Notice is timely under § 1446(a) because it was filed within 30 days following service of summons in the State Court Action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (removal is proper within 30 days from service of the summons and

2

complaint). As required by § 1446(a), and to the best of Statebridge's knowledge, Exhibits 1-3 to this Notice are true copies of all process, pleadings, and orders on file in the state court action.

Should any questions arise as to the adequacy or propriety of the removal of this action, Statebridge requests the opportunity to supplement this Notice of Removal with evidence and/or to brief any disputed issues and present oral argument in support of this removal. Statebridge reserves all objections it may have to the complaint or the action. Statebridge intends no admission of fact, law, or liability by this Notice of Removal and expressly reserves all defenses, motions, and/or pleas.

Pursuant to 28 U.S.C. § 1446(d), Statebridge will promptly provide written notice of this removal to Plaintiff and file a copy of this Notice of Removal with the clerk of the Circuit Court of Cook County, so that this Court may assume jurisdiction over the case as provided by law.

WHEREFORE, Defendant, Statebridge Company, LLC removes the State Court Action from the Circuit Court of Cook County, Illinois to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.


Dated: June 9, 2023                                **STATEBRIDGE COMPANY, LLC**


                                                   By: /s/ *Michael J. McMorrow*
                                                       One of Its Attorneys

Michael J. McMorrow
michael.mcmorrow@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0462

# EXHIBIT 1

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

FILED
4/28/2023 3:12 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04254
Calendar, 7
22502447

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

ANA LOPEZ, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

STATEBRIDGE COMPANY, LLC,

    Defendant.

Case No.   **2023CH04254**

### CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, ANA LOPEZ, individually, and on behalf of all others similarly situated, by and through her attorney, complaining of Defendant, STATEBRIDGE COMPANY, LLC, as follows:

### NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.    Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers.  15 U.S.C. § 1692(e).

3.    The Act regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects … debts owed or due or asserted to be owed or due another."  §§ 1692a(5), (6).

4.    Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating

1

FILED DATE: 4/28/2023 3:12 PM    2023CH04254

with consumers at an "unusual time or place" likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). *See* generally §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

5.      The Act is enforced through administrative actions and private lawsuits. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction pursuant to 735 ILCS 5/2-209.

7.      Venue is proper pursuant to 735 ILCS 5/2-101.

## PARTIES

8.      ANA LOPEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 3718 North Spaulding Avenue, Chicago, Illinois 60618.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     STATEBRIDGE COMPANY, LLC ("Statebridge") is a limited liability company organized and existing under the laws of the state of Colorado.

11.     Statebridge has its principal place of business at 6061 South Willow Drive, Suite 300, Greenwood Village, Colorado 80111.

12.     Statebridge provides custom, high touch special servicing, and sub servicing for the mortgage industry.[1]

13.     Statebridge is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

---

[1] https://www.statebridgecompany.com/about-us/ (last visited April 28, 2023).

2

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

14.     Statebridge uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

15.     A home equity line of credit (the "Line") was issued by National City Bank on March 7, 2007 and was secured by a mortgage on 3718 North Spaulding Avenue, Chicago, Illinois 60618 (the "Property").

16.     Plaintiff is the owner of the Property.

17.     Plaintiff's Line was an open-end line of credit which she was able to use to obtain cash advances from time to time for a period of 10 years.

18.     The initial amount of Plaintiff's Line was $100,000.00 (the "Credit Line").

19.     The Equity Reserve™ Agreement provides that:

> **Payments.**  Your payments will be due monthly.  You may pay the entire unpaid balance of your Line and/or your FRL(s) at any time.  You are required to pay a minimum payment by the Due Date shown on your statement equal to the sum of the Line Minimum Payment and the FRL Minimum Payment for each FRL in use.

20.     PNC Bank, National Association., successor by merger to National City Bank, assigned the Mortgage to U.S. Mortgage Resolution LLC by instrument dated September 26, 2018 and recorded October 11, 2018 as Document No. 1828433112 with the Cook County Recorder of Deeds.

21.     Plaintiff defaulted on the Line by failing to pay a minimum payment for December 2015.

3

22.     U.S. Mortgage Resolution LLC assigned the Mortgage to Trinity Financial Services, LLC by instrument dated August 2, 2019 and recorded October 4, 2019 as Document No. 1927746092 with the Cook County Recorder of Deeds.

23.     On October 22, 2019, Trinity Financial Services, LLC filed a "Complaint to Foreclose Mortgage," pursuant to section 15-1101 of the Code of Civil Procedure with respect to the Property.

24.     Plaintiff hired counsel, Law Office of Arthur C. Czaja, in February of 2022.

25.     On February 15, 2022, Law Office of Arthur C. Czaja filed a notice of appearance in the foreclosure proceedings.  *See* Exhibit A.

26.     Statebridge acquired the servicing rights for Plaintiff's Loan on or about May 12, 2022 from FCI Lender Services, Inc.

27.     At the time of this transfer, Plaintiff's Line was in default.

28.     Statebridge sent a Mortgage Statement, dated March 8, 2023, to Plaintiff ***directly***. *See* Exhibit B.

31.     The Mortgage Statement is a "communication" as defined by 15 U.S.C. § 1692a(2).

32.     The Mortgage Statement included a section entitled "Explanation of Amount Due," which included a "Regular Monthly Payment" amount and a "Total Amount Due," both in bold lettering.

33.     Also included was a detachable payment coupon to send in with the payment, why was due by March 20, 2023.

34.     The Mortgage Statement identified $63,769.39 as the "Total Amount Due."

## CLASS ALLEGATIONS

4

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

35. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Plaintiff brings this action pursuant to 735 ILCS 5/2-801 *et seq*, individually, and on behalf of all others similarly situated (the "Putative Class").

37. The Putative Class is defined as follows:

<u>**Section 1692c Subclass**</u>

*All consumers within the State of Illinois to whom (a) within the one (1) year prior to the filing of the original complaint and during its pendency; (b) received direct communication(s) from Statebridge; (c) despite Statebridge knowing that the consumers are represented by counsel.*

38. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Statebridge, Statebridge's subsidiaries, parents, successors, predecessors, and any entity in which Statebridge or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Statebridge have been fully and finally adjudicated and/or released.

**A.    Numerosity:**

39. Upon information and belief, Statebridge communicated with Illinois consumers represented by counsel on no less than 40 occasions.

40. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

41. Members of the Putative Class can be objectively identified from records of Statebridge to be gained in discovery.

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

**B.   Commonality and Predominance:**

42.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality:**

43.     Plaintiff's claims are representative of the claims of other members of the Putative Class.

44.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and the members of the Putative Class are entitled to damages as result of Statebridge's conduct.

**D.     Superiority and Manageability:**

45.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

49.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50.     Plaintiff has no interests antagonistic to those of the Putative Class, and Statebridge has no defenses unique to Plaintiff.

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

51.     Plaintiff has retained competent and experienced counsel with substantial experience in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act—15 U.S.C. § 1692 *et seq.*

52.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692c

53.     Section 1692c states:

> (a) **Communication with the consumer generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
> ***
>
> (2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

54.     Statebridge violated 15 U.S.C. § 1692c(a)(2) by mailing the Mortgage Statement to Plaintiff rather than to her attorney.

55.     The Mortgage Statement was a communication "in connection with the collection of [a] debt."

56.     At the time Statebridge sent the Mortgage Statement, they had actual knowledge, based on the February 15, 2022 notice of appearance, that Plaintiff was represented by Law Offices of Arthur C. Czaja with respect to the Line.

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

57.     The February 15, 2022 notice of appearance included Mr. Czaja's address and phone number.

58.     Therefore, the notice of appearance was sufficient to put Statebridge on notice that Plaintiff was represented by counsel with respect to the debt that was the subject of the state court foreclosure proceedings.

59.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

      A.     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

      B.     in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, **ANA LOPEZ**, prays the Court enter an Order:

A.     granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of 735 ILCS 5/2-801 *et seq.*

B.     finding that Statebridge is a "debt collector" as defined by 15 U.S.C. § 1692a(6);

8

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

C.      finding that the Line is a "debt" as defined by 15 U.S.C. § 1692a(5);

D.      finding that Statebridge violated 15 U.S.C. § 1692c(a)(2);

E.      awarding any actual damages sustained by Plaintiff as a result of Statebridge's violation(s);

E.      awarding such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000.00;

F.      awarding such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Carrington;

G.      awarding costs of this action, together with reasonable attorney's fees as determined by the Court; and

H.      awarding such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 28, 2023              Respectfully submitted,

                                  **ANA LOPEZ**

                                  By: */s/ Arthur C. Czaja*

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 47671

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

# **EXHIBIT A**

FILED DATE: 2/15/2022 3:22 PM   2019CH12234

FILED
2/15/2022 7:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12234
Calendar, 59
16722440

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Trinity Financial Services, LLC,       )    No. 2019-CH-12234

               )

    Plaintiff,                 )

               )    <u>Property Address:</u>

       v.                 )    3718 North Spaulding Avenue

               )    Chicago, IL 60618

Ana Lopez a/k/a Ana Cruz; Unknown Owners and    )

Non-record claimants,          )

               )

    Defendants.             )    Calendar 59

### APPEARANCE

x General Appearance      □ 0900 – Fee Paid      x 0909 – No Fee

                          □ 0904 – Fee Waived     □ 0908 – Trial Lawyers Appearance – No fee

The undersigned enters the appearance of:      □ Plaintiff      x Defendant

## ANA LOPEZ

_____

(Insert Litigant's Name)

                                   /s/ *Arthur C. Czaja*_____

                                   Signature

□ Initial Counsel of Record    □ Pro Se (Self-represented)

x Additional Appearance      □ Substitute Appearance

Attorney No.: 47671

Name: Arthur C. Czaja

Atty for: Defendant

Address: 7521 N. Milwaukee Avenue

City/State/Zip: Niles, IL 60714

Telephone: (847) 647-2106

Email: <u>arthur@czajalawoffices.com</u>

### CERTIFICATE OF SERVICE

      I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

                             /s/ *Arthur C. Czaja*_____

                             Arthur C. Czaja

                             Attorney for Defendants

Page **1** of **1**

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

# <u>EXHIBIT B</u>

**STATEBRIDGE**
6061 South Willow Drive, Suite 300
Greenwood Village, CO 80111
RETURN SERVICE REQUESTED

**Statement Date: March 08, 2023**

 Online
www.statebridgecompany.com

 Customer Service:
1-866-466-3360

000041
**ANA LOPEZ**
3718 N SPAULDING AVE
CHICAGO IL 60618

 Mail Payments to:
PO Box 173313
Denver, CO 80217-3313

**Property** 3718 N SPAULDING AVE
**Address:** CHICAGO IL 60618



## Account Information

| | |
|---|---|
| **Loan Number** | 1 |
| **Payment Due Date** | 03/20/2023 |
| **Amount Due** | **$63,769.39** |
| If payment not received by 03/29/2023, a late fee of $33.46 may be assessed. | |
| Loan Due Date | 12/20/2015 |
| Unpaid Principal Balance | $99,708.87 |
| Escrow Balance | $0.00 |
| Interest rate | 5.125% |
| Prepayment Penalty | No |

## Explanation of Amount Due

| | |
|---|---|
| Principal | $354.10 |
| Interest | $315.06 |
| Escrow (Taxes and Insurance) | $0.00 |
| **Regular Monthly Payment** | **$669.16** |
| Total Fees and Charges | $3,808.00 |
| Overdue Payment | $59,292.23 |
| **Total Amount Due** | **$63,769.39** |

## Transaction Activity (08/02/22 - 03/07/23)

| Date | Description | Principal | Interest | Escrow | Late Charges/Fees | Total |
|---|---|---|---|---|---|---|
| 08/24/22 | FC Attorney Cost Disbursement | $0.00 | $0.00 | $0.00 | -$1.14 | -$1.14 |
| 08/24/22 | FC Attorney Cost Disbursement | $0.00 | $0.00 | $0.00 | -$257.22 | -$257.22 |
| 08/24/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$150.00 | -$150.00 |
| 08/24/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$300.00 | -$300.00 |
| 08/30/22 | Late Charge Assess (because full payment not received by 8/29/2022) | $0.00 | $0.00 | $0.00 | -$7.38 | -$7.38 |
| 09/26/22 | Miscellaneous Disbursement | $0.00 | $0.00 | $0.00 | -$425.00 | -$425.00 |
| 09/30/22 | Late Charge Assess (because full payment not received by 9/29/2022) | $0.00 | $0.00 | $0.00 | -$12.71 | -$12.71 |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied)* | $0.00 | $0.00 |
| **Total Payment** | **$0.00** | **$0.00** |

### Important Information About Partial Payments

* Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

## Delinquency Notice

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 03/08/23, you are 2,635 days delinquent on your mortgage loan.

**Recent Account History**

Current Payment Due 03/20/23: $669.16
Payment Due 02/20/23: Unpaid balance of $752.80
Payment Due 01/20/23: Unpaid balance of $752.80
Payment Due 12/20/22: Unpaid balance of $752.80
Payment Due 11/20/22: Unpaid balance of $752.80
Payment Due 10/20/22: Unpaid balance of $752.80
Payment Due 09/20/22: Unpaid balance of $59,336.23

**Total: $63,769.39 due. You must pay this amount to bring your loan current.**

If You Are Experiencing Financial Difficulty and you would like homeownership counseling or assistance, you can find a list of counselors in your area by contacting the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area go to: http://hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 1-800-569-4287 or TDD 1-800-877-8339.

We are a debt collector and may be attempting to collect a debt. Any information obtained may be used for that purpose. If you are a confirmed Successor in Interest or in active bankruptcy or have received a bankruptcy discharge, this statement is for informational purposes only, and is not a demand for payment.

Please detach bottom portion and return with your payment. Allow 7-10 days for postal delivery. Please do not send cash.

## Amount Due

| | |
|---|---|
| Loan Number | |
| Borrower | **ANA LOPEZ** |
| **Due By 03/20/2023** | **$63,769.39** |
| If payment not received by 03/29/2023 a late fee of $33.46 may be assessed. | |

☐ Check this box if a change is completed on the reverse side

STATEBRIDGE COMPANY, LLC
PO BOX 173313
DENVER, CO 80217-3313

**Payment Coupon**

Please write your loan number on your check or money order.

Please make check payable to Statebridge Company, LLC

**STATEBRIDGE**

| | |
|---|---|
| Monthly Payment Amount | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other (Please Specify) | $ |
| **Total Enclosed** | $ |

0006376 9397

FILED DATE: 4/28/2023 3:12 PM   2023CH04254

**STATEBRIDGE.**
6061 South Willow Drive, Suite 300
Greenwood Village, CO 80111

**Statement Date: March 08, 2023**

**Loan Number:**

ANA LOPEZ
3718 N SPAULDING AVE
CHICAGO, IL 60618

CONTINUED FROM THE FIRST PAGE

FILED DATE: 4/28/2023 3:12 PM    2023CH04254

| | Transaction Activity (08/02/22 - 03/07/23) | | | | | |
|---|---|---|---|---|---|---|
| Date | Description | Principal | Interest | Escrow | Late Charges/Fees | Total |
| 10/03/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$18.00 | -$18.00 |
| 10/03/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$90.00 | -$90.00 |
| 10/03/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$210.00 | -$210.00 |
| 10/03/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$150.00 | -$150.00 |
| 10/03/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$300.00 | -$300.00 |
| 10/31/22 | Late Charge Assess (because full payment not received by 10/29/2022) | $0.00 | $0.00 | $0.00 | -$12.71 | -$12.71 |
| 11/15/22 | Miscellaneous Disbursement | $0.00 | $0.00 | $0.00 | -$98.00 | -$98.00 |
| 11/17/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$360.00 | -$360.00 |
| 11/17/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$60.00 | -$60.00 |
| 11/30/22 | Late Charge Assess (because full payment not received by 11/29/2022) | $0.00 | $0.00 | $0.00 | -$12.71 | -$12.71 |
| 12/13/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$180.00 | -$180.00 |
| 12/13/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$450.00 | -$450.00 |
| 12/13/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$210.00 | -$210.00 |
| 12/13/22 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$45.00 | -$45.00 |
| 12/30/22 | Late Charge Assess (because full payment not received by 12/29/2022) | $0.00 | $0.00 | $0.00 | -$12.71 | -$12.71 |
| 01/31/23 | Late Charge Assess (because full payment not received by 1/29/2023) | $0.00 | $0.00 | $0.00 | -$12.71 | -$12.71 |
| 03/02/23 | Late Charge Assess (because full payment not received by 3/1/2023) | $0.00 | $0.00 | $0.00 | -$12.71 | -$12.71 |
| 03/02/23 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$300.00 | -$300.00 |
| 03/02/23 | FC Attorney Fee Disbursement | $0.00 | $0.00 | $0.00 | -$120.00 | -$120.00 |

# EXHIBIT 2

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 7

FILED
4/28/2023 4:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04254
Calendar, 7
22504291

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANA LOPEZ, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

STATEBRIDGE COMPANY, LLC,

    Defendant.

Case No. 2023-CH-04254

## MOTION FOR CLASS CERTIFICATION

**NOW COMES**, Plaintiff, ANA LOPEZ, individually, and on behalf of all others similarly situated, through undersigned counsel, pursuant to 735 ILCS 5/2-801 *et seq*., moving the Court to certify this action and the proposed class discussed below:

> *All consumers within the State of Illinois to whom (a) within the one (1) year prior to the filing of the original complaint and during its pendency; (b) received direct communication(s) from Statebridge; (c) despite Statebridge knowing that the consumers are represented by counsel.*

The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Statebridge, Statebridge subsidiaries, parents, successors, predecessors, and any entity in which Statebridge or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Statebridge have been fully and finally adjudicated and/or released.

In support thereof, Plaintiff states as follows:

1.     ANA LOPEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 3718 North Spaulding Avenue, Chicago, Illinois 60618.

FILED DATE: 4/28/2023 4:11 PM  2023CH04254

2.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.      STATEBRIDGE COMPANY, LLC ("Statebridge") is a limited liability company organized and existing under the laws of the state of Colorado.

4.      Statebridge has its principal place of business at 6061 South Willow Drive, Suite 300, Greenwood Village, Colorado 80111.

5.      Statebridge provides custom, high touch special servicing, and sub servicing for the mortgage industry.[1]

6.      Statebridge uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.  Accordingly, Statebridge is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.      A home equity line of credit (the "Line") was issued by National City Bank on March 7, 2007 and was secured by a mortgage on 3718 North Spaulding Avenue, Chicago, Illinois 60618 (the "Property").

8.      Plaintiff is the owner of the Property.

9.      Plaintiff's Line was an open-end line of credit which she was able to use to obtain cash advances from time to time for a period of 10 years.

10.     The initial amount of Plaintiff's Line was $100,000.00 (the "Credit Line").

11.     The Equity Reserve™ Agreement provides that:

> **Payments.**  Your payments will be due monthly.  You may pay the entire unpaid balance of your Line and/or your FRL(s) at any time.  You are required to pay a minimum payment by the Due Date shown on your statement equal to the sum of the Line Minimum Payment and the FRL Minimum Payment for each FRL in use.

---

[1] https://www.statebridgecompany.com/about-us/ (last visited April 28, 2023).

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

12.     PNC Bank, National Association., successor by merger to National City Bank, assigned the Mortgage to U.S. Mortgage Resolution LLC by instrument dated September 26, 2018 and recorded October 11, 2018 as Document No. 1828433112 with the Cook County Recorder of Deeds.

13.     Plaintiff defaulted on the Line by failing to pay a minimum payment for December 2015.

14.     U.S. Mortgage Resolution LLC assigned the Mortgage to Trinity Financial Services, LLC by instrument dated August 2, 2019 and recorded October 4, 2019 as Document No. 1927746092 with the Cook County Recorder of Deeds.

15.     On October 22, 2019, Trinity Financial Services, LLC filed a "Complaint to Foreclose Mortgage," pursuant to section 15-1101 of the Code of Civil Procedure with respect to the Property.

16.     Plaintiff hired counsel, Law Office of Arthur C. Czaja, in February of 2022.

17.     On February 15, 2022, Law Office of Arthur C. Czaja filed a notice of appearance in the foreclosure proceedings.  *See* Exhibit A.

18.     Statebridge acquired the servicing rights for Plaintiff's Loan on or about May 12, 2022 from FCI Lender Services, Inc.

19.     At the time of this transfer, Plaintiff's Line was in default.

20.     Statebridge sent a Mortgage Statement, dated March 8, 2023, to Plaintiff ***directly***. *See* Exhibit B.

21.     The Mortgage Statement is a "communication" as defined by 15 U.S.C. § 1692a(2).

3

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

22.    The Mortgage Statement included a section entitled "Explanation of Amount Due," which included a "Regular Monthly Payment" amount and a "Total Amount Due," both in bold lettering.

23.    Also included was a detachable payment coupon to send in with the payment, why was due by March 20, 2023.

24.    The Mortgage Statement identified $63,769.39 as the "Total Amount Due."

25.    Section 1692c states:

> (a)  **Communication with the consumer generally.**  Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
>         ***
>
> (2)    if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

26.    Statebridge violated 15 U.S.C. § 1692c(a)(2) by mailing the Mortgage Statement to Plaintiff rather than to her attorney.

27.    The Mortgage Statement was a communication "in connection with the collection of [a] debt."

28.    At the time Statebridge sent the Mortgage Statement, they had actual knowledge, based on the February 15, 2022 notice of appearance, that Plaintiff was represented by Law Office of Arthur C. Czaja with respect to the Line.

29.    The February 15, 2022 notice of appearance included Mr. Czaja's address and phone number.

4

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

30.     Therefore, the notice of appearance was sufficient to put Statebridge on notice that Plaintiff was represented by counsel with respect to the debt that was the subject of the state court foreclosure proceedings.

## THE FAIR DEBT COLLECTION PRACTICES ACT

31.     The Fair Debt Collection Practices Act (FDCPA) is aimed at remedying the use of "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a).

32.     "Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, restricts whom a debt collector may contact regarding a debt, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir.2010) (citing §§ 1692, 1692c—1692f).

33.     The provision at issue in this case states in relevant part that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . ." § 1692c(a)(2).

34.     The FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated.  *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008); *see also Sonmore v. CheckRite Recovery Services, Inc*., 187 F.Supp.2d 1128, 1132 (D. Minn. 2001) ("The FDCPA is a remedial strict liability statute which was intended to be applied in a liberal manner;" *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001); *Rosenau v. Unifund Corp*., 539 F.3d 218, 221 (3d Cir. 2008) ("[the FDCPA] is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'").

5

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

35. "Congress intended the Act to be enforced primarily by consumers...." *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). Further, the legislative history shows that Congress clearly intended that private enforcement actions would be the primary enforcement tool of the Act. *See* 123 Cong. Rec. 28112-13 (1977) (remarks of Rep. Annunzio); 1977 U.S.Code Cong. & Adm. News, *supra* at 1700.

36. Plaintiff is seeking only statutory damages. All that is required is proof that the statute was violated, although even then it is within the court's discretion to decide whether and if so, how much to award, up to the $1,000 ceiling. *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir. 1995); *Clomon v. Jackson,* 988 F.2d 1314, 1322 (2d Cir. 1993).

## REQUIREMENTS FOR CLASS CERTIFICATION

37. Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, provides:

**Prerequisites for the maintenance of a class action.** An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

38. The 1977 Illinois statute was modeled after Rule 23 of the Federal Rules of Civil Procedure, which governs class certification in the Federal courts. *See* Fed. R. Civ. P. 23.

39. As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those

6

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

whom the court finds to be members of the class. This order may be conditional and may be amended before a decision on the merits. 735 ILCS 5/2-802. Certification of a class is within the sound discretion of the trial court. *Haywood v. Superior Bank F.S.B*., 244 Ill.App.3d 326, 328 (1st Dist. 1993).

40.    In a large and impersonal society, class actions are often the last barricade of consumer protection. Generally, individual plaintiffs cannot, will not and ought not be required to pursue what would often be trivial relief. *Hoover v. May Dep't Stores Co*., 62 Ill. App. 3d 106, 378 N.E.2d 762 (1978) cites a particularly compelling statement with regard to the philosophy to be considered in determining the basis for class certification:

> "To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer."

*Hoover*, 62 Ill. App. 3d at 112, quoting Landers, *Of Legalized Blackmail & Legalized Theft: Consumer Class Actions & the Substance-Procedure Dilemma*, 47 So. Cal. L. Rev. 842, 845 (1974).

41.    Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As result, numerous FDCPA class actions have been certified. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. IL 1999); *Nielsen v. Dickerson*, 1999 WL 350649, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. 1999); *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill.

1998); *Shaver v. Trauner*, 1998 WL 35333712, 1998 U.S. Dist. LEXIS 19647 (C.D. Ill. 1998*) report and recommendation adopted*, 1998 WL 35333713, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. 1998); *Carroll v. United Compucred Collections, Inc.*, 2002 WL 31936511, 2002 U.S. Dist. LEXIS 25032 (M.D. Tenn. 2002), *report and recommendation adopted in part*, 2003 WL 1903266, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn. 2003) *aff'd,* 399 F.3d 620 (6th Cir. 2005); *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007); *Keele v. Wexler*, 1996 WL 124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. 1996), *aff'd,* 149 F.3d 589 (7th Cir. 1998); *Miller v. Wexler & Wexler*, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347 (N.D. Ill. 1998); *Arango v. GC Servs., LP*, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. 1998); *Avila v. Van Ru Credit Corp.*, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), *aff'd sub nom. Avila v. Rubin,* 84 F.3d 222 (7th Cir. 1996); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D. Ill. 2008); *Cotton v. Asset Acceptance,* 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D. Ill. 2008); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995); *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993).

42. As shown below, each requirement of certification can be met.

**Numerosity**

43. Because the language of section 2 – 801(1) is taken verbatim from Federal Rule of Civil Procedure 23(a)(1), federal case law may be considered as exegetic in deciding whether the class is so numerous that joinder is impracticable under the Illinois statute. Ill. Ann. Stat., ch. 110, par. 2 -- 801, Historical & Practice Notes, at 90 (Smith-Hurd 1983). Federal cases establish no bright line. There is no "magic number" below which there cannot be a class, but above which

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

there can. The number of class members is relevant, not determinative. *DeMarco v. Edens* 390 F.2d 836 (2d Cir. 1968).

44.     Caselaw further dictates that "[w]here the number of class members is at best fairly small, courts require demonstration of additional reasons why joinder is impracticable." *Wood River Area Dev. Corp. v. Germania Federal Sav. & Loan Ass'n,* 198 Ill.App.3d 445, 450 (5th Dist. 1990).  These additional factors include: (1) the class members' geographical distribution; (2) the ability to identify and locate the class members; (3) the degree of knowledge and sophistication of the class members and their need for protection; (4) the amount of the claims of the individual class members; and (5) the nature of the cause of action. *Id*. at 451

45.     The fact that the size of the proposed class has not been exactly determined is not a fatal defect in the motion; a class action may proceed upon estimates as to the size of the proposed class. *Kendler v. Federated Department Stores, Inc*., 88 F.R.D. 688 (S.D.N.Y. 1981); *Hedges Enterprises, Inc. v. Continental Group, Inc*., 81 F.R.D. 461 (E.D. Pa. 1979); *Amswiss International Corp. v. Heublein, Inc*., 69 F.R.D. 663 (N.D. Ga. 1975).)  "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by [Statebridge], since discovery is not essential to most cases in order to reach a class determination… Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

46.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time.  Members of the Putative Class can be objectively identified from records of Statebridge to be gained in discovery.  However, Plaintiff alleges, more than 40 members of the Putative Class exist; therefore, numerosity is satisfied.  *See* Miller, *An Overview of Federal Class*

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

*Actions: Past, Present, and Future*, Federal Judicial Center, at 22 (1977) ("If the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule and other factors, *** become relevant.").

### Predominance of common questions of law or fact

47.    A common question may be shown when the claims of the individual members of the class are based on the common application of a statute, or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.,* 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist. 1992).

48.    Here, Plaintiff alleges that the common questions are whether:

    A.    Statebridge violated 15 U.S.C. § 1692c(a)(2) by communicating with consumers in connection with the collection of consumers' lines of credit where Statebridge knew the consumer is represented by an attorney with respect to such debt; and

    B.    Measure of damages.

49.    Where a question of law refers to a standardized conduct of the defendant toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement of Rule 23(a)(2) is usually met.  *Franklin v. Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

50.    The only individual issue is the identification of the class members, a matter capable of ministerial determination from Statebridge's records.  Questions readily answerable from defendants' files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

## Adequacy of representation

51.     The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321.

52.     Plaintiff understands the obligations of a class representative and has retained experienced counsel with substantial experience in consumer class action litigation.

53.     The second relevant consideration is whether the interests of Plaintiff are coincident with the general interests of the class members. Here, Plaintiff and members of the Putative Class seek money damages as the result of Statebridge's unlawful collection practices, provided for by 15 U.S.C. § 1692. Given the identity of claims between Plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of Plaintiff and those of the class.

## Class action is an appropriate method for the
## fair and efficient adjudication of this controversy

54.     Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D. Ill. 1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill. 1992); *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability

FILED DATE: 4/28/2023 4:11 PM    2023CH04254

that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc*., 503 F.2d 1161, 1165 (7th Cir. 1974).

55.     In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor.  Individual cases are not economically feasible.  The special efficacy of the consumer class action has been noted by the courts and is applicable to this case.

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied….

*In re Folding Carton Antitrust Lit.*, 75 F.R.D. 727, 732 (N.D. Ill. 1977).

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright *et al*., §1778, at 59; *see e.g.*, *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D. Pa 1994).

56.     Class certification will provide an efficient and appropriate resolution of the controversy.  *Zanni v. Lippold*, 119 F.R.D. 32 (C.D. Ill. 1998).

FILED DATE: 4/28/2023 4:11 PM   2023CH04254

## <u>CONCLUSION</u>

**WHEREFORE**, for the reasons stated herein, the Honorable Court should certify this action and the proposed class discussed above.

DATED: April 28, 2023                    Respectfully submitted,

**ANA LOPEZ**

By: <u>*/s/ Arthur C. Czaja*</u>

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 47671

# EXHIBIT 3



**SANGAMON COUNTY SHERIFFS OFFICE**
*"Keeping the Peace Since 1821"*

*JACK CAMPBELL*
#1 Sheriff's Plaza
Springfield, IL 62701

Administration – (217) 753-6855
Civil Process/Records – (217) 753-6846

Investigations – (217) 753-6840
Corrections – (217) 753-6886

**SG TRACKING #23-** _3142_

I, _DEP  SMITH_ _____ certify that I served this summons as follows:

☐ **Personal service on an individual,** by leaving a copy of the summons and complaint with the defendant personally

☐ **Abode service on an individual,** by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☑ **Corporation service,** by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

Court Docket Number _23 CH 4254_

Name of defendant _STATEBRIDGE CO. LLC_

Name of other person
Summons left with _Stacey Faulk_

Sex: ( M / Ⓕ)  Race: _W_  Approx. Age: _____

Date of Service _5/12/2023_  Time _1007_

Date of Mailing _____

Address at which paper was served:
_901 S 2ⁿᵈ 201_
_SPFLD IL_

**Jack Campbell, Sheriff of Sangamon County Sheriff's Office**

By: _____, Deputy # _4973_

**IN PARTNERSHIP WITH THE COMMUNITY**

FILED
5/22/2023 11:59 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04254
Calendar, 7
22819549

B3 - 3142

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 7

FILED DATE: 5/22/2023 11:59 AM    2023CH04254
FILED DATE: 4/28/2023 4:11 PM    2023CH04254

**RECEIVED**

**MAY 0 9 2023**

SHERIFF'S OFFICE
RECORD SECTION

FILED
4/28/2023 4:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04254
Calendar, 7
22504291

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

**Ana Lopez**

_____

Plaintiff(s)

v.

**Statebridge Company, LLC**

_____

Defendant(s)

**c/o Incorp Services Inc., Registered Agent**
**901 S 2nd St., Ste. 201**
**Springfield, IL 62704**

_____

Address of Defendant(s)

Case No. _____ **2023-CH-04254** _____

Please serve as follows (check one):  ○ Certified Mail  ● Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3



PAID
23-12853

**Summons - Alias Summons**          **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 47671
○ Pro Se 99500

Name: Arthur C. Czaja

Atty. for (if applicable):

Plaintiff

Address: 7521 N. Milwaukee Ave.

City: Niles

State: IL    Zip: 60714

Telephone: 847-647-2106

Primary Email: arthur@czajalawoffices.com

Witness date _____

4/28/2023 4:11 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 5/22/2023 11:59 AM   2023CH04254
FILED DATE: 4/28/2023 4:11 PM   2023CH04254